# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-735V
### Filed: April 29, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

YVETTE HILL,                          *
                                      *
                    Petitioner,       *      Joint Stipulation on Damages;
                                      *      Influenza ("flu") Vaccine; Shoulder
  v.                                  *      Injury; Mononeuropathy; Tendinopathy;
                                      *      Tendinitis; Special Processing Unit
SECRETARY OF HEALTH                   *      ("SPU")
AND HUMAN SERVICES,                   *
                                      *
                    Respondent.       *
                                      *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Voris E. Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On July 16, 2015, Yvette Hill ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered median mononeuropathy and tendinopathy/tendinitis of the right shoulder due to her receipt of the influenza ("flu") vaccine on September 25, 2014. Petition at 1; Stipulation, filed April 29, 2016, at ¶¶ 1, 2, 4. Petitioner further alleges that she received the vaccination in the United States, that she suffered the effects of her injury for more than six months, and that she has not received compensation for her vaccine related injury. Pet. at ¶¶ 3, 17, 18; *see also* Stip. at ¶¶ 3-5. Respondent denies that the flu vaccine caused petitioner's alleged injuries and residual effects, or any other injury. Stip. at ¶ 6.

Nevertheless, on April 29, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $75,000.00 in the form of a check payable to petitioner**. This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).  Stip. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| YVETTE HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 15-735V **(ECF)** |
| v. | ) | Chief Special Master Dorsey |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Yvette Hill ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly sustained following petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.      Petitioner received a flu vaccine in her right deltoid on September 25, 2014.

3.      The vaccine was administered within the United States.

4.      Petitioner alleges that she subsequently suffered median mononeuropathy and tendinopathy/tendinitis of the right shoulder, which petitioner alleges was caused-in-fact by her receipt of the flu vaccine. Petitioner further alleges that she experienced the residual effects of her injuries for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6.      Respondent denies that the flu vaccine caused petitioner's alleged injuries and residual effects, or any other injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $75,000.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.      Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11.      Payment made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of herself, her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected  personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on September 25, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about July 15, 2015, in the United States Court of Federal Claims as petition No. 15-735V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

3

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability

and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as

otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States of

America or the Secretary of Health and Human Services that petitioner's alleged median

mononeuropathy and tendinopathy/tendinitis of the right shoulder and residual effects, or any

other injury, were caused-in-fact by the flu vaccine.

18.     All rights and obligations of petitioner hereunder shall apply equally to

petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

YVETTE HILL

**ATTORNEY OF RECORD FOR PETITIONER:**

LAWRENCE R. COHAN
Anapol Schwartz
1710 Spruce Street
Philadelphia, PA 19103
(215) 790-4567

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
    Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
    and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

Dated: 4/29/16

5