# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-735V
Filed: June 2, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| YVETTE HILL, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*    Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*    Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Voris E. Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 16, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered median mononeuropathy and tendinopathy/ tendinitis of the right shoulder due to her receipt of the influenza ("flu") vaccine on September 25, 2014. On April 29, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 23).

On May 17, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 27). Petitioner requests attorneys' fees in the amount of **$18,067.00** and attorneys' costs in the amount of **$1,725.31** for a total amount of **$19,792.31**. *Id.* at 2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On May 25, 2016, respondent filed a response to petitioner's motion. (ECF No. 28). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00," citing a number of "similarly-postured" SIRVA cases where the fees and costs fell within the given range. *Id.* at 3.

On May 25, 2016, petitioner filed a reply. (ECF No. 29). Petitioner argues that respondent "fail[ed] to specifically identify any deficiencies, unreasonableness, or billing issues" and instead provided only "a self-serving 'survey' of what the respondent believes the range for fees and costs in this case should be." *Id.* at 1. Additionally, the cited cases "are not accurately representative of <u>this</u> Petitioner's counsel's similarly-postured SIRVA cases," as none of them "were from Anapol Wiess." *Id.* at 3-4 (emphasis in original). Petitioner then provides a list of the attorneys' fees and costs awarded petitioner's counsel in eight "settled SIRVA cases since 2014." *Id.* at 4. The average award in this survey was approximately $19,800.00, which petitioner points out is consistent with his request in this case.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of $1,015.00 for preparing the reply. *Id.* at 4 n.1; 7 n.2. However, because petitioner's counsel has filed a similar reply in other SPU cases, the undersigned does not find the number of hours requested for the preparation of the reply brief to be reasonable in this case. Therefore, the undersigned reduces the requested hours to two hours and awards **$580.00** for the preparation of petitioner's reply brief. Thus, the total amount awarded for attorneys' fees and costs is **$20,372.31**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

2

**Accordingly, the undersigned awards the total of $20,372.31[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.